MAY PINCUS, Respondent, *v.* ALEXANDER H. PINCUS, Appellant.

First Department, July 2, 1924.

**Husband and wife — divorce — temporary alimony and counsel fee denied in view of facts tending to show conspiracy by plaintiff.**

Temporary alimony and counsel fee are denied in this case, since it appears from the affidavits, apparently, that the plaintiff entered into a conspiracy with the corespondent to ensnare the defendant by presenting him in a compromising situation, and that while the plaintiff had had the defendant shadowed for a year, she alleges in her complaint only one act of adultery.

APPEAL by the defendant, Alexander H. Pincus, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of May, 1924, granting plaintiff's application for alimony *pendente lite* and for counsel fee.

*I. Maurice Wormser* [*Abraham A. Silberberg* with him on the brief], for the appellant.

*Otto A. Samuels* [*Max D. Steuer* of counsel; *David May* with him on the brief], for the respondent.

McAVOY, J.:

Alimony at $1,250 a month was allowed in the order here and $2,500 counsel fee. The defendant presents a very plausible claim that the testimony of his alleged adultery was brought about through a conspiracy to ensnare him by presenting him in a compromising situation. He claims to have visited the alleged corespondent to discuss a lease of an apartment in a house which he had available for rental. The evidence of the conspiracy to entrap him is, that he was telephoned to by the corespondent about twenty times, and on the same days of the telephone messages to him the records of the telephone operator at the apartment house, where he is alleged to have met the corespondent, show telephone communications from this woman's apartment to the detective agency which managed the so-termed

raid.  Prior to this agency's employment by the wife, he had been shadowed for a year by another concern which he says found no derelictions on his part.  The raiding party was composed of a detective, plaintiff's brother and a bookkeeper of plaintiff's father.

The plaintiff supplied corroboration of only the specific charge of adultery on April 14, 1924, at 42 West Forty-sixth street.

The plaintiff's brother averred that on April 14, 1924, he and Bernard Thorman, who is a bookkeeper working for plaintiff's father, and several other men whose statements were not submitted, entered an apartment at 42 West Forty-sixth street, New York city.  All went through the living room and into the bedroom of the apartment; the door was open; he saw a woman (not plaintiff) in company with the defendant and the conduct and dress of each, as described by these witnesses, at the time was such as to lead to a reasonable inference of defendant's guilt.

Thorman states that he accompanied the plaintiff's brother on April 14, 1924, to the premises 42 West Forty-sixth street, and that the occurrences set forth in the statement made by the plaintiff's brother are correctly stated.

The defendant denies any act of adultery and makes specific denial of the charge that on April 14, 1924, at 42 West Forty-sixth street, New York city, he committed adultery with any woman.

The defendant also avers that the action was brought as a result of influence exerted upon the plaintiff by her father, who had on many occasions threatened that he would ruin the defendant's home, and that he would disinherit the plaintiff if she did not adhere to her father in serious differences which had arisen between the defendant and the plaintiff's father.

There is no explanation as to why the communicating daily by the alleged corespondent with a detective agency employed by plaintiff was carried on, except the assertion by plaintiff that some one in the apartment was reporting on the telephone to the agency the visits of defendant to this apartment and thus communicated defendant's visits, so that the calls to his office from her coincide with the reported calls to the agency.  There is nevertheless no proof of any other visit by defendant to the corespondent.  Besides, all these telephones are charged to the corespondent's apartment, and one affiant says that after the raid her voice was the one which called.  There is, to my mind, sufficient ground here for refusing alimony and counsel fee until an inquiry on this subject can be made orally and some explanation made of this raid and these concurrent telephone calls.  The detective agency makes no explanation of how it happened to be called.

No proof of former visits is made which would coincide with the calls, or some of them. This record is suspicion rousing.

We think the order should be reversed and the motion denied.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Order reversed and motion denied.